The PRESIDENT
delivered the opinion of the court.
A more palpable imposition, was never practiced, or better established, than in this case. Reynolds, though not a party in the fraud, was nevertheless, a partner with the person who committed it, and is therefore answerable.
*The decree, so far as it annuls the contract, is therefore right: it is also right in the relief afforded, as to the land.
As to the certificates, the relief granted is not exceptionable, so far as it compels restitution of them in specie, or others of equal value, in case, the identical certificates cannot be returned. But, if he can do neither of these things, to compel him to purchase at market, or to pay in specie, the 'nominal amount of the certificates, is in our opinion improper. The true period, at which to estimate their value, (in case the certificates cannot be restored,) is that, at which the cause is tried — this, is not like the case of Groves and Graves, which was a contract to deliver a certificate at a future day; after the day had passed, the party who was to have received the certificate, not being compellable to accept it, was entitled to its value on that day. But in this case, there was no contract. The bill is, for a specific restitution of the certificates fraudulently obtained, and therefore, if the appellant had at any time offered to restore them, or will now do so, the other party must receive them, or its value; of course, the present value ought to be the rule of compensation, if the certificates themselves cannot be restored.
The opinion and decree, was entered in the following words, viz. there is no error in so much of the decree, as sets aside the contract, pretended to have been made by Edward Valentine, with Edward Waller, deed, for the purchase of the latter’s claim on the public, for pay and depreciation, and a bounty in lands, nor in the relief afforded, so far as it relates to the land.
But, that the said decree is partly improper, and in some instances defective, so far as it respects the certificates, for the pay and depreciation. It is therefore decreed and ordered, that so much of the said decree, as sets aside the contract for the purchase, and directs the mode of relief as to the land, and costs, be affirmed, and that the residue of the said decree be reversed. And this court, proceeding to make such decree as to that part so reversed, as the said High Court of Chancery should have pronounced, it is further ordered and decreed, that the appellant restore to the appellee, the military certificate or certificates received by him from the auditor for public accounts, the 4th day of April 178S, for the pay, and depreciation of pay, due to the said Edward Waller, amounting to ¿£283: 16: 7: or if those certificates cannot be restored, that he deliver to the. appellee other certificates, *of the same kind, and of equal value, if such he bath, to be ascertained, by an examination before the master commissioner of the said court, on the oath of the appellant upon interrogatories; but if not, then, that he pay to the appellee, the present specie value of such certificates, to be ascertained by the said commissioner, or by a jury, if either party shall require it. That the appellant also account before the said commissioner, for the specie value of all interest arising on the said certificate, as the warrants for such interest were worth, at the time he, or his assignee received, or might have received the same; and pay the amount thereof in specie to the appellee,, discounting therefrom, the sum of £20, paid for the purchase, on the 23d of December 1784, with interest thereon from that day, until the money shall appear to have been repaid, by the receipt of interest as aforesaid.

Suit for Certificates — Measure of Damages. — The principal case is cited in foot-note to Groves v. Graves, 1 Wash. 1; Alexanders Morris, 3 Call 103; Austin v. Winston, 1 Hen. & M. 50.